UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 14-CIV-62087-BLOOM/VALLE

**ROCIO VALENTIN**,

      Plaintiff,

vs.

**J & T MANAGEMENT INC.**, *et al.*,

      Defendants.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

**THIS CAUSE** came before the Court on Defendant's Motion to Dismiss and For More Definite Statement (the "Motion"), ECF No. [7], regarding Plaintiff's Complaint, *see* ECF No. [1], pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6) and 12(e). The Court has carefully reviewed the record, the parties' briefs, and the applicable law.

**I.    Background**

Plaintiff filed the instant action in the Seventeenth Judicial Circuit Court of Florida, for Broward County, Florida on March 7, 2014—alleging claims of overtime compensation and retaliatory discharge violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and the Florida Minimum Wage Act ("FMWA"), Fla. Stat. § 448.110, et seq., and seeking declaratory relief. Defendants were served with the Summons and Complaint on August 25, 2014, removed the case to this Court on September 11, 2014, and filed the instant Motion on October 2, 2014.

Plaintiff alleges that she worked as a Manager for Defendants on an hourly basis from June 2012 through December 6, 2013. During that time, Plaintiff alleges that Defendants failed to compensate Plaintiff at the rate of one and a half times Plaintiff's regular rate of pay for all

hours worked in excess of forty (40) within a single work week.  Plaintiff's Statement of Claim states that the amount of alleged unpaid wages is $5,925.00—the sum of 5 hours of unpaid work each week for 79 weeks at the overtime rate of $15.00 per hour.  *See* ECF No. [6] at 1-2.

**II.      Legal Standard**

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").  Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)).  "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. See *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002).  While the Court is required to accept all of the allegations contained in the complaint and exhibits attached to the pleadings as true, this tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir.

2006) ("When considering a motion to dismiss . . . the court limits its consideration to the pleadings and all exhibits attached thereto.") (internal quotation marks omitted).

A defendant may also "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must . . . point out the defects complained of and the details desired." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 983 n.70 (11th Cir. 2008) (quoting Fed. R. Civ. P. 12(e)) (alterations in original).

### III.   Discussion

Defendants' Motion makes three arguments: (1) a more definite statement of plaintiff's overtime claim is required in order to provide a useful response; (2) the retaliation claims under FLSA and Florida law must be dismissed without prejudice with leave to amend because they merely allege legal conclusions; and (3) that Plaintiff has failed to establish Article III standing to allege a claim for declaratory relief.

#### A.  Plaintiff's FLSA Overtime Claim

Defendants explain that they "are told that this is an overtime claim, but they are told nothing more."  ECF No. [7] at 4.  Defendants argue that Plaintiff's claim is inadequately pled because overtime liability can arise from a number of factors, including time clock errors, unrecorded work, meal break deductions, and falsification of time records.

The Court finds that a more definite statement is not merited for Plaintiff's FLSA overtime claim.  Plaintiff alleges the relevant period of employment, that Defendants failed to compensate Plaintiff for overtime, and that Defendants have failed to maintain proper time records.  *See* ECF No. [1-2] at 4-5.  Further, the Court ordered Plaintiff to submit a "statement setting forth . . . an initial estimate of the total amount of alleged unpaid wages; a preliminary

calculation of such wages; the approximate period during which the alleged FLSA violations occurred; and the nature of the wages (e.g., overtime or regular)," ECF No. [3] at 1, to which Plaintiff complied. *See* ECF No. [6]. This is not "so vague or ambiguous" that Defendant cannot reasonably prepare a response. *Cf. Schainberg v. Urological Consultants of S. Fla.*, No. 12-21721-CIV, 2012 WL 3062292, at *4 (S.D. Fla. Jul. 26, 2012). Defendant's request for details regarding what "caused the hours to be dropped from the totals credited to her, or at least why Plaintiff believes that the hours credited to her are less than those actually worked," ECF No. [7] at 5, is better left for discovery. *See Hernandez v. Two Brothers Farm, LLC*, 579 F. Supp. 2d 1379, 1382 (S.D. Fla. 2008) ("Defendants may not use a motion for more definite statement as a means of discovery regarding those claims."). Defendants' Rule 12(e) motion is thus denied.

### B.  Plaintiff's Retaliation Claims

To establish a retaliation claim under the FLSA, a plaintiff must show that "any person . . . discharge[d] or in any other manner discriminate[d] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding [under FLSA]."  29 U.S.C. § 215(a)(3).  "A prima facie case of FLSA retaliation requires a demonstration by the plaintiff of the following: (1) the plaintiff engaged in activity protected under the act; (2) [s]he subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action." *Obregon v. Jep Family Enters., Inc.*, 710 F. Supp. 2d 1311, 1314 (S.D. Fla. 2010) (quoting *Wolf v. Coca-Cola Co.*, 200 F.3d 1337 (11th Cir. 2000) (internal alterations omitted)).

Here, Plaintiff's Complaint with regard to FLSA retaliation merely states that "the motivating factor which caused Plaintiff's termination was the complaint of hours worked and seeking overtime wages." ECF No. [1-2] at 7. Plaintiff provides no allegations regarding the

4

circumstances surrounding Plaintiff's termination; for example, the Complaint does not provide a termination date, nor does it indicate how she was terminated. *Cf. Payne v. Security & Crime Prevention Serv., Inc.*, No. 12-22032, 2013 WL 5446466, at *4 (S.D. Fla. Sept. 30, 2013) (finding sufficiency of pleading, for purposes of granting default judgment, which contained allegations of being taken off the work schedule and no longer allowed to work after the plaintiff made oral complaints to defendants regarding unpaid wages). Plaintiff's claim of retaliation under the FMWA has the same deficiency.

Plaintiff's FMWA retaliation claim also poses an additional problem—the Complaint does not allege that Plaintiff ever complained that she was paid less than the minimum wage. The Complaint itself does not so allege, either. *See* Fla. Stat. § 448.110(5); Art. X, § 24, Fla. Const.; *Sobinski v. Learning Connections of Pensacola, LLC*, No. 3:14-cv-00345-RS-CJK, 2014 WL 5092268, at *3 (N.D. Fla. Oct. 9, 2014). Defendants' Rule 12(b)(6) motion with respect to Plaintiff's retaliation claims is, therefore, granted without prejudice.

### C. Plaintiff's Declaratory Relief Claim

The Declaratory Judgment Act, 28 U.S.C. § 2201, "confers unique and substantial discretion in deciding whether to declare the rights of litigants." *Employers Mut. Cas. Co. v. All Seasons Window & Door Mfg., Inc.*, 387 F. Supp. 2d 1205, 1207 (S.D. Fla. 2005) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)). Nonetheless, "in order to receive declaratory . . . relief, plaintiffs must establish that there was a violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law." *Canadian Steel, Inc. v. HFP Capital Mkts., LLC*, No. 11-23650, 2012 WL 2326119, at *10 (S.D. Fla. Jun. 19, 2012) (quoting *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000)). In FLSA cases, a request for declaratory relief can be appropriately included in a

complaint which also seeks damages for violations of the FLSA. *See Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1381-82 (S.D. Fla. 2012); *Snyder v. Glen Lakes P'ship*, No. 8:11-cv-845-T-30EAJ, 2011 WL 2881843, at *1 (M.D. Fla. Jul. 19, 2011).

Here, though Plaintiff has pled that this action is brought on her behalf and "other similarly-situated individuals," Plaintiff's allegations forming the basis of declaratory relief amounts to such relief being "in the public interest to have these declaration of rights recorded." ECF No. [1-2] at 9. Plaintiff alleges instances of past FLSA violations and resulting harm, but has not alleged any risk of continuing future harm. Though Defendants argue that this claim should be dismissed with prejudice because Plaintiff, a former employee, has "no reasonable prospect" of injury in the future, ECF No. [7] at 10 (citing *Wal-Mart v. Dukes*, __ U.S. __, __, 131 S. Ct. 2541, 2559-60 (2011)), the Court finds that amendment would not be futile in this case, and that dismissal without prejudice is merited. *See Ceant*, 874 F. Supp. 2d at 1381-82.

### IV. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendants' Motion, **ECF No. [7]**, is **GRANTED IN PART and DENIED IN PART**;

2. Counts II, III, and IV of Plaintiff's Complaint are **DISMISSED WITHOUT PREJUDICE**;

3. Plaintiff is granted leave to amend the complaint and shall file an amended complaint on or before **December 8, 2014**.

Case No. 14-CIV-62087-BLOOM/VALLE

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 19th day of November, 2014.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record